Haight, J.
The plaintiff and defendant are husband and wife. The action was brought upon a promissory note' executed by the defendant, dated April 23, 1883, payable one year after date, to the order of the plaintiff, for $150 with interest. Upon the trial the defendant testified that the note was given to the plaintiff to furnish him with funds to go west and procure a divorce from her, and that *212 it was not given in consideration that the plaintiff would release her from an agreement to work her farm upon shares. The plaintiff testified that he had entered into an agreement with his wife, the defendant, to work her farm for one year upon shares; that he had entered upon the performance of his agreement and so continued for four days, whereupon, to induce him to throw up and release the contract, the defendant gave him the note in suit. The court submitted to the jury the question to what was the consideration of the note in suit, and the jury rendered a special verdict, finding that the note in suit was given for the consideration of the release by the plaintiff of an agreement that he had with the defendant to work her farm on shares, and that it was not given to him to put him in funds to go west and procure a divorce. Plaintiff’s counsel then moved for judgment, and defendant’s counsel objected upon the ground that the note being by and from the wife to her husband was invalid. Thereupon the complaint, by order of the court, was dismissed and the plaintiff’s counsel excepted. • .
The question thus presented is whether or not the wife is bound by a contract made with, her husband and whether or not the same can be enforced in an action at law.
Under the findings of the jury the note was given upon a contract pertaining to her own separate estate, and consequently the case is not distinguishable from the case of Benedict v. Briggs (34 Hun, 94).
The question must therefore be regarded as stare decisis so far as this court is concerned.
Motion for a new trial must be granted with cost to abide the event.
Smith, P. J., and Bradley, J. concur; Barker, J., not sitting.